**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARREN LITTLE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 3:24-cv-00758** |
| | **)** | |
| **SANDRA METCALF,** | **)** | **JUDGE CAMPBELL** |
| | **)** | |
| **Defendant.** | **)** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darren Little, who is in custody of the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint alleging that Defendant Sandra Metcalf is liable for slander. (Doc. No. 1). As explained below, this action will be dismissed for lack of subject-matter jurisdiction.

### I.      FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 6). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 6) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Whiteville Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his

2

inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A party seeking to invoke the jurisdiction of the federal courts ... bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam).

Here, Plaintiff does not assert any basis for federal jurisdiction. Notably, the only claims he asserts are for slander and defamation. (Doc. No. 1 at 4−5; Doc. No. 5 at 1). These are state-law torts for which there is no federal cause of action. *Goff v. Moore*, No. 20-1243-JDT-cgc, 2020 WL 6292752, at *2 (W.D. Tenn. Oct. 27, 2020); *see Bartel v. F.A.A.*, 725 F.2d 1403, 1404 n.2 (D.C. Cir. 1984) ("[T]here is no federal cause of action for defamation."). Thus, the Court may not exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff also has not asserted a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. He does not identify his own state of citizenship or Defendant's. However, he lists his address as Whitesville, Tennessee, and asserts that Defendant is an employee of the Lincoln County Sheriff's Department, which is in Fayetteville, Tennessee. (Doc. No. 1 at 3−4).

3

### III.     CONCLUSION

Plaintiff's IFP Application (Doc. No. 6) is **GRANTED**.

Because Plaintiff has not asserted any basis for federal jurisdiction, and it is apparent from the face of the complaint that no basis for federal jurisdiction exists, this action is **DISMISSED** without prejudice.[1]

This order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58)(b)(1)(C) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not purport to bring a due process claim based on his allegedly erroneous inclusion on the Tennessee Sex Offender Registry. Nothing in this Order will prevent him from bringing such a claim against the proper defendant for such an action.

4